# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **MICHAELS STORES, INC.,** | |
| **Plaintiff,** | |
| **v.** | Case No.:   3:26-cv-00280 |
| **JORDAN NICKEL, p/k/a POSE,** | |
| **Defendant.** | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Michaels Stores, Inc. files this Complaint against Defendant Jordan Nickel, p/k/a POSE.

## I.    PRELIMINARY STATEMENT

1.    This action seeks a declaration that Michaels' conduct does not infringe POSE's alleged intellectual property rights regarding his artwork. This action arises out of POSE's demands set forth in his counsel's January 5, 2026 correspondence to Michaels' counsel that Michaels cease and desist from using POSE's artwork in connection with the sale of spray paint in Michaels' stores. POSE threatens to commence legal action against Michaels if Michaels does not comply with POSE's demands. Michaels denies that it has infringed or otherwise violated any rights of POSE. This action has been necessitated by POSE's meritless claims of copyright infringement.

## II.    THE PARTIES

2.    Michaels Stores, Inc. is a Delaware corporation with its principal place of business in Irving, Texas. Michaels operates retail store locations throughout the United States, including in Texas, and sells its products online and in retail locations.

1

3.      Defendant Jordan Nickel, p/k/a POSE is an individual and is a citizen of the State of Illinois. He may be served at his residence: 1814 W Newport Ave., Chicago, IL 60657, or wherever he may be found.

### III.    JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this dispute under federal question jurisdiction because this action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the copyright laws of the United States, 17 U.S.C. § 101, et seq. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

5.      This Court has personal jurisdiction over POSE because POSE is doing business in Texas and the exercise of personal jurisdiction over POSE comports with the laws of the State of Texas and the constitutional requirements of due process. Among other things, POSE sells and markets his original artwork through his website, https://www.hellopose.com/. POSE has availed himself of the rights and benefits of the laws of the State of Texas because he is seeking to enforce his alleged rights in Texas.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Michaels' claims against POSE occurred in this District. Michaels is headquartered in this District, and all design, marketing, and advertising decisions were made here. Furthermore, Michaels created and used the allegedly infringing display in this District and received threats of litigation and cease-and-desist correspondence in this District.

### IV.    FACTUAL ALLEGATIONS

7.      Since it was originally founded in 1973 in Dallas, Texas, Michaels has established itself as North America's largest provider of arts, crafts, framing, floral, décor, and merchandise for makers and do-it-yourself home decorators.

8.      AVT Paints, an Australia-based manufacturer and distributor of paints, sells spray paint under the name Ironlak, as well as other names. The artwork by POSE, pictured below, was provided by POSE to Ironlak and AVT Paints in April 2014. During this time, AVT Paints represented that there was a sponsorship agreement in place between AVT Paints and POSE to use his artwork and POSE has never previously objected to its use.

9.      Ironlak's website has a webpage dedicated to POSE and his art. *See* https://ironlak.com/category/ironlak-family/pose/. The webpage features some of POSE's art and announces new collaborations and releases by POSE.









10.     In addition to featuring him on its website in its family of artists, Ironlak also used POSE's artwork in its own advertisements for spray paint. In a 2020 advertisement for Ironlak's spray paint, Sugar, POSE and his artwork are featured in the bottom left-hand corner.



*See*    https://ironlak.com/wp-content/uploads/2020/08/Sugar-Artists-Acrylic-Spray-Paint-by-Ironlak-Colour-Chart-2020.pdf.

11.    AVT Paints represented to Michaels that it had a longstanding relationship with POSE and that POSE's artwork had been provided to it in April 2014. For over a decade, POSE has allowed AVT Paints to use his artwork in connection with the promotion of Ironlak spray paint. At no time prior to Michaels' use of the artwork did POSE contact AVT Paints to rescind the license or indicate that he wished to discontinue the relationship.

12.    Based on its communications with AVT Paints and the images of POSE's artwork on Ironlak's website, Michaels understood it had permission or a license to use POSE's artwork in the marketing of Ironlak spray paint. The artwork display included Ironlak spray paint and was featured for sale online from June 2025 through early January 2026. The display appeared as follows, similar to what AVT Paints had used with its Sugar product:



13.     Michaels had no intention of displaying artwork that it did not believe had been properly supplied and approved for product marketing purposes.

14.     On January 5, 2026, POSE sent Michaels' counsel an email demanding that Michaels cease using POSE's artwork in its online spray paint displays because it constitutes copyright infringement. In his email, POSE demanded that Michaels cease all use of his artwork in connection with the sale of spray paint. POSE also stated that if Michaels did not comply with his demands, POSE would initiate legal proceedings.

15.     POSE has claimed copyright protection for his artwork but has failed to provide evidence sufficient to establish the existence of a valid and registered copyright for the work. Although Michaels disputed POSE's claims that it did not have the right to use the artwork, Michaels removed the artwork from its displays. During the time Michaels used the display, no copyright registration for the artwork existed. Upon information and belief, no copyright was registered until January 2026. *See* Exhibit A.

16.     Despite removal of the artwork, POSE continues to claim Michaels is infringing on his rights to the artwork for the use in the display. A justiciable controversy exists between Michaels and POSE as to whether Michaels' conduct constitutes copyright infringement or a violation of any other laws.

17.      In view of POSE's threats and allegations, Michaels needs and is entitled to a judicial declaration that Michaels' conduct does not infringe POSE's alleged copyrights in the artwork. Absent a declaration to this effect, POSE will continue to wrongfully allege that Michaels infringed POSE's intellectual property rights, thereby causing Michaels injury and damage.

## V.     CLAIM FOR DECLARATORY RELIEF

**A.     Count I – Declaratory Relief for Non-Infringement.**

18.     Michaels repeats and realleges the allegations set forth above and incorporates them by reference.

19.     In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. *See* 28 U.S.C. § 2201(a).

20.     As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Michaels has not infringed and is not infringing POSE's alleged copyrights in his artwork.

21.     Pursuant to 28 U.S.C. § 2201, Michaels seeks a declaratory judgment declaring the rights, status, and legal relations between Michaels and POSE in connection with Michaels' use of the artwork. Specifically, Michaels seeks the following declarations from the Court:

a.    Michaels' use of POSE's artwork did not infringe, and would not infringe, either directly or indirectly, any valid, enforceable, or protectable copyright registration (if it exists).

b.    Michaels' use of POSE's artwork and its conduct described herein does not constitute unfair competition under 15 U.S.C. § 1125(a).

c.    Michaels' use of POSE's artwork has not violated and is not violating any state or federal law.

d.    Declaring Michaels the prevailing party and this case as exceptional, and awarding Michaels its reasonable attorneys' fees, pursuant to, among other things, 15 U.S.C. § 1117(a) and 17 U.S.C. § 505.

## VI.    PRAYER FOR RELIEF

Plaintiff Michaels Stores, Inc. respectfully requests a judgment against Defendant Jordan Nickel, p/k/a POSE for the following:

a.    A declaration adjudging Michaels has not infringed and is not infringing, either directly or indirectly, any valid and enforceable copyrights of POSE;

b.    A declaration adjudging Michaels has not engaged in and is not engaging in unfair competition;

c.    A declaration adjudging Michaels has not violated and is not violating any state or federal law;

d.    A declaration that Michaels is the prevailing party and this case as exceptional, and awarding Michaels its reasonable attorneys' fees;

e.    Awarding Michaels all attorneys' fees, expenses, and costs associated with this action; and

f.    Such other and further relief as the Court deems just and proper.

Dated: February 3, 2026                    Respectfully submitted,

                                           By:  */s/ Jamil N. Alibhai*
                                           Jamil N. Alibhai
                                           Texas Bar No. 00793248
                                           Email: jalibhai@munsch.com
                                           Toni L. Swanger
                                           Texas Bar No. 24105432
                                           Email: tswanger@munsch.com
                                           MUNSCH HARDT KOPF & HARR, P.C.
                                           500 N. Akard St., Suite 4000
                                           Dallas, Texas 75201
                                           Telephone: (214) 855-7500

                                           *Attorneys for Plaintiff Michaels Stores, Inc.*